FILED

**PAUL YALNEZIAN**
P. O. Box 415
Glendale, CA 91209-0415
Telephone  818-240-7840
Facsimile: 818-855-8386

Plaintiff, *Pro Per*

2012 OCT 31  AM 9: 48

C U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

CV12-9332-GHK (AJWx)

PAUL YALNEZIAN, Principal and Owner of
RIGHT HOME, a California corporation,

        Plaintiff,

    vs.

WELLS FARGO BANK N.A. and CHEX
SYSTEMS, INC., a California corporation, and
DOES 1 to 10, Inclusive,

        Defendants.

CASE NO. _____

*VERIFIED* COMPLAINT

1. **UNFAIR BUSINESS PRACTICES;**
2. **VIOLATION OF FAIR CREDIT REPORTING ACT;**
3. **WILLFULL FAILURE TO INCLUDE CONSUMER STATEMENT OF DISPUTE;**
4. **NEGLIGENT FAILURE TO INCLUDE CONSUMER STATEMENT OF DISPUTE;**
5. **LIBEL**

**DEMAND FOR JURY TRIAL**

    Plaintiff, PAUL YALNEZIAN, as Principal and President of RIGHTHOME, a California corporation, brings this action for Unfair Business Practices, (California Business and Professions Code Section 17200, *et. seq.*); Violation of Fair Credit Reporting Act (15 U.S.C. Section 1681 *et seq.*); Willful Failure to Include Consumer Statement of Dispute (15 U.S.C. Section 1681i(b) and California Civil Code 1785.15(f)); Negligent Failure to Include Consumer Statement of Dispute (15 U.S.C. Section 1681i(b) and California Civil Code 1785.15(f)); and Libel.

    In support of his complaint, Plaintiff states as follow:

### JURISDICTION AND VENUE

1.     Plaintiff, PAUL YALNEZIAN, as Principal and President of RIGHT HOME, a California corporation, located within jurisdiction of the Central District of California. RIGHT HOME holds a Corporate Real Estate License issued by the State of California, Department of Real Estate. Plaintiff YALNEZIAN and RIGHT HOME maintain the standard of care and follow instructions of the California Business and Profession Codes as mandated by the Department of Real Estate. As an industry standard is for RIGHT HOME to maintain an operating bank account as well as a separate TRUST ACCOUNT. The main purpose of these types of accounts is to distinguish non-trust funds (i.e. funds available for corporation-related expenses such as rent, advertising, salaries and other operating expenses) from trust funds (such as funds held in trust on behalf of clients towards good faith deposits, security deposits etc.)

2.     Defendant WELLS FARGO BANK N.A, is a national banking association which transacts business at various bank branches throughout the State of California, including at the Glendale branch, located at 535 N. Brand Blvd., Glendale, California 91203. The Glendale branch location is within the jurisdiction of the United States District Court, Central District of California. WELLS FARGO BANK solicits private and corporate clients for banking business, including attorneys and real estate brokers who as a <u>standing operating procedure establishes at least two accounts; one account for non-trust funds and a separate account for trust funds</u>. Both attorneys and real estate brokers are not to commingle non-trust funds with trust funds and vice versa.

3.     Defendant CHEX SYSTEMS, INC., is a corporation incorporated in the State of California. Defendant CHEX SYSTEMS is a "consumer credit reporting agency" within the meaning of the FCRA, 15 U.S.C. Section 1681a(f). CHEX SYSTEMS regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681a(d) to third parties. The basis of CHEX SYSTEMS' business is providing consumer reports to banking institutions throughout the United States regarding the alleged conduct and experiences consumers, such as PLAINTIFF herein, have had in the manner in which they have handled their bank accounts.

1  PLAINTIFF is informed and believes, and thereon alleges that CHEX SYSTEMS, in conspiracy

2  with Defendant WELLS FARGO BANK and various other banks that subscribe to CHEX

3  SYSTEMS' service, has established a "blackball" system whereby consumers cannot open a bank

4  account with any bank that subscribes to CHEX SYSTEMS' consumer credit reporting system *if*

5  *and when* CHEX SYSTEMS maintains a derogatory report associated with the consumers' names.

6  The "blackball" system exists whether or not the consumer has a legitimate dispute associated with

7  the information reported by CHEX SYSTEMS, in spite of the facts the reported information may

8  be vague, ambiguous or inaccurate.  Furthermore, contrary to the provisions of the Federal Fair

9  Credit Reporting Act, 15 U.S.C. Section 1681i(b) and the California Consumer Credit Reporting

10  Agencies Act, California Civil Code Section 1785.15(f), CHEX SYSTEMS frequently refused to

11  publish a requested consumer statement on its reports when requested by consumers, thereby

12  further depriving consumers their rights under the law and compounding the negative effects of

13  CHEX SYSTEMS' reports and resulting "blackball" system.

14        4.      PLAINTIFF does not know the true names and capacities, whether

15  individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive.  Such

16  fictitious defendants are sued pursuant to United States District Court, Central District of

17  California, Local Rule 19-1.  PLAINTIFF is informed and believes, and based upon such

18  information and belief, alleges that each fictitious defendant was in some way responsible for,

19  participated in, or contributed to the matter and things of which PLAINTIFF complains herein, and

20  in some form and under some theory, is subject to liability therefore.  When the exact nature and

21  identity of such fictitious defendants' responsibility for, participation in, and contribution to the

22  matters herein alleged is ascertained by PLAINITFF, he will seek leave to amend this Complaint to

23  set forth the name.

24        5.      All DEFENDANTS, and each of them, carried out a joint scheme, business

25  plan or policy in all respects pertinent hereto, and all acts and omissions herein complained of,

26  were performed within the course and scope of said relationship.

27        6.      DEFENDANTS' founders, owners and executive officers directed,

28  authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein

1   and derived personal financial benefit from such conduct.

2        7.     Venue is proper in this Court because the transactions which are subject of

3   this litigation occurred within the Central District of California.

4                       **FACTUAL ALLEGATIONS**

5        8.     Defendant WELLS FARGO BANK has a branch in Glendale, California,

6   where Plaintiff YALNEZIAN held numerous bank and investment accounts, as well as credit lines

7   and charge cards. At least two accounts were opened for the corporation RIGHT HOME an

8   operating account and a separate TRUST ACCOUNT.

9        9.     Defendant WELLS FARGO BANK issued corporate checks for the two

10   RIGHT HOME accounts, a corporate account and a trust account, with the wording "TRUST

11   ACCOUNT" clearly printed on the TRUST ACCOUNT checks. Attached as **Exhibit "A" – Copy**

12   **of a TRUST ACCOUNT check.**

13       10.    At the very peak of America's sub-prime mortgage crisis, on or about

14   December 10, 2008, Defendant WELLS FARGO BANK confiscated money from Plaintiff

15   YALNEZIAN by making unauthorized transfer of funds from RIGHT HOME's TRUST

16   ACCOUNT. A total of $10,746.14 was transferred out of the TRUST ACCOUNT without

17   Plaintiff's knowledge and consent and without prior notice. The bank applied the funds towards the

18   balance on a Mastercard charge account which subsequently was closed by WELLS FARGO

19   BANK

20       11.    The unauthorized transfer of RIGHT HOME's clients TRUST funds was not

21   initiated, approved, authorized or ratified by Plaintiff YALNEZIAN, RIGHT HOME or any of its

22   authorized officers, managers, agents, representatives or employees.

23       12.    The unauthorized transfer was not brought to Plaintiff's attention before

24   close to one week later when PLAINTIFF received computer-generated notices pertaining to non-

25   sufficient bank charges being credited to the client TRUST ACCOUNT.

26       13.    Defendant WELLS FARGO BANK was aware that the particular TRUST

27   ACCOUNT, and as trust accounts in general, consisted of funds held in trust for real estate clients'

28   purchase, sale and/or lease of real estate, for escrow disbursements and other real estate related

1 payoffs for RIGHT HOME's clients. The Defendant-bank services hundreds of thousands of
2 similar trust accounts across the country, for attorneys, real estate brokers and investment brokers.
3 The bank is well aware of the difference between non-trust funds and trust funds included having
4 specific knowledge that trust funds are NOT to be commingled and/or used for operating expenses
5 or paying off charge accounts or bills for the corporate entity who established the account.

6     14.   The authorized transfer of funds out of the TRUST ACCOUNT was further
7 complicated after legitimate-issued TRUST ACCOUNT checks were presented for payment and
8 subsequently rejected due to non-sufficient funds ("NSF") after the unauthorized transfer, The
9 TRUST ACCOUNT was charged $34 in overdraft fee ("OD-fee") for each rejected check. Several
10 checks were rejected numerous times, adding at least $34 in OD-fees each time the check was
11 presented for payment. The snowball effect caused by the NSF and OD-fees quickly accumulated
12 and resulted in at least $575.00 in fees. In addition, RIGHT HOME vendors and clients received
13 charges for checks that were returned by their respective banks. PLAINTIFF reimbursed all fees as
14 a result of the returned checks.

15     15.   Because Defendant WELLS FARGO BANK made the unauthorized transfer
16 on their own initiative - and without prior notification - PLAINTIFF was totally unaware of the
17 serious problems brewing with the real estate TRUST ACCOUNT. Rather than the bank
18 contacting Plaintiff to discuss his banking relation and accounts in general, the bank sent computer-
19 generated letters by mail pertaining to the NSF-charges which took almost one week to reach
20 Plaintiff. Only when PLAINTIFF investigated the reason for the NSF/OD fees did he learn of the
21 bank's unauthorized transfer of trust funds.

22     16.   PLAINTIFF faced with serious legal consequences due to the unauthorized
23 transfer of clients' funds out of the TRUST ACCOUNT, including revocation of his personal and
24 corporate real estate broker's license and criminal prosecution for commingling and
25 misappropriation of client-funds. Plaintiff held and holds his fiduciary duty to the public at the
26 highest level. PLAINTIFF immediately replenished the TRUST ACCOUNT to offset the
27 confiscated amount by rushing to borrow monies from family and friends.

28     17.   Defendant WELLS FARGO BANK acknowledged they confiscated the client

COMPLAINT AND DEMAND FOR JURY TRIAL

1  Funds from the TRUST ACCOUNT but declined to return the funds. The bank also declined to

2  reverse the hundreds of dollars of NSF/OD fees, whereof PLAINTIFF paid.

3      18.   Defendant WELLS FARGO BANK further proceeded to have Plaintiff

4  YALNEZIAN and his corporate entity RIGHT HOME reported to and by defendant CHEX

5  SYSTEMS as having a derogatory banking history with Defendant WELLS FARGO BANK.

6  Specifically, the bank reported the false and libelous "*account abuse*" statement pertaining to the

7  fore-mentioned activities on the TRUST ACCOUNT.

8      19.   Defendant CHEX SYSTEMS reported and communicated to other third-party

9  banking institutions the false and libelous "*account abuse*" statements which caused other banks to

10  decline to open an operating account for Plaintiff YALNEZIAN or for his business entity.

11      20.   Plaintiff YALNEZIAN requested and demanded that CHEX SYSTEMS

12  correct and cease reporting the derogatory information associated with his name.

13      21.   Defendant CHEX SYSTEMS refused to investigate, correct and cease

14  reporting of Plaintiff YALNEZIAN alleged derogatory banking history of "*account abuse*" despite

15  the documented errors by Defendant WELLS FARGO BANK.

16      22.   Defendant CHEX SYSTEMS further refused to include Plaintiff's consumer

17  statement on the reports, contrary to the requirements of the Federal Fair Credit Reporting Act, 15

18  U.S.C. Section 1681i(b) and California Consumer Credit Reporting Agencies Act, California Civil

19  Code Section 1785.15(f).

20      23.   On October 2, 2009, Plaintiff filed legal action in Superior Court, County of

21  Los Angeles, Small Claim Court, *Yalnezian v. Wells Fargo Bank*, LASC # 09S01493 pertaining to

22  Defendant-bank's error. After the Court considered all facts presented, the Court issued a ruling in

23  favor of YALNEZIAN and concluded that, the TRUST ACCOUNT:

24          **"was treated as a trust account and the Defendant [Wells Fargo Bank]**

25          **accepted orders for checks for the account bearing the title TRUST**

26          **ACCOUNT. Plaintiff [YALNEZIAN] was justified in believing that the**

27          **account was a trust account and that the defendant [Wells Fargo Bank]**

28          **knew that."**

24.    On November 16, 2009, the court ruled in favor of Plaintiff YALNEZIAN and awarded $7,500.00 in damages and $160.00 for cost of suit. The court ordered WELLS FARGO BANK to cause CHEX SYSTEMS, as well as any other credit reporting agency, to delete negative credit reporting pertaining to Plaintiff YALNEZIAN and RIGHT HOME REALTY, INC.

25.    Defendant WELLS FARGO BANK filed an appeal of the judgment. On January 11, 2010, the judgment was affirmed after *trial de novo* from the Small Claims Court.

26.    Shortly thereafter, Defendant WELLS FARGO BANK satisfied the money judgment in full. Plaintiff was informed and ensured that the negative credit reporting was in the process of being retracted and removed from his CHEX SYSTEMS' report. Subsequently, on February 5, 2010, Plaintiff YALNEZIAN executed a full Satisfaction of the money Judgment.

27.    Plaintiff YALNEZIAN allowed a few months to pass before he applied to another bank to open business-related checking accounts. Shockingly, his application was rejected due to "*account abuse*, reported by WELLS FARGO BANK."

28.    Plaintiff immediately made written demands to Defendant WELLS FARGO BANK that the negative reporting to be retracted forthwith.

29.    Plaintiff made simultaneous written demands, with documentation of WELLS FARGO's documented errors and subsequent money judgment, to Defendant CHEX SYSTEMS to delete the derogatory and defamatory reporting but to no avail. Furthermore, CHEX SYSTEMS failed to list a consumer statement on their report.

30.    Unfathomable, despite the well-documented errors by WELLS FARGO BANK which that caused the unauthorized account transfer, Defendant WELLS FARGO BANK failed and refused to rectify the erroneous "*account abuse*" reporting to Defendant CHEX SYSTEMS.

31.    The continued false reporting of "*account abuse*" has tarnished Plaintiff's credit reports and continues to cause damages to Plaintiff's name, reputation, brand and good standing in the community. Plaintiff is unable to open new checking accounts for himself and other business entities he is engaged with.

## FIRST CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

**California Business and Professions Code Section 17200, *et. seq.***
**(against all Defendants)**

32.     Plaintiff hereby restates, re-alleges, and incorporates by reference herein each of the foregoing paragraphs in their entirety as though fully set forth herein.

33.     Defendants' conduct at all times mentioned herein constitutes unlawful business practices and competition within the meaning of California Business and Professions Code Section 17200, *et seq.* because it engaged in illegal conduct, including, but not limited to, violated Federal Fair Credit Reporting Act, 15 U.S.C. Section 1681i(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code Section 1785.15(f). Defendants' failure to include PLAINTIFF's consumer statement in the consumers' CHEX SYSTEMS reports constitutes unfair business competition within the meaning of California Business and Professions Code Section 17200, *et seq.*

34.     As a result of DEFENDANTS unfair and/or unlawful business practices, PLAINTIFF has suffered injury in fact and loss of money and property, including, but not limited to, erroneous credit reports disseminated to third parties, his inability to open new bank accounts due to the "blackball" system created and maintained by CHEX SYSTEMS, based on Defendant WELLS FARGO BANK's libelous statement of "account abuse", and the failure of CHEX SYSTEMS to comply with the law by including consumer statements of dispute on their CHEX SYSTEMS' reports.

35.     As a result of DEFENDANTS' unfair and/or unlawful business practices, Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION

## VIOLATION OF FAIR CREDIT REPORTING ACT

**15 U.S.C. Section 1681 et seq.**
**(against all defendants)**

36.     Plaintiff hereby restates, re-alleges, and incorporates by reference herein each

of the foregoing paragraphs in their entirety as though fully set forth herein.

37.    The Fair Credit Reporting Act and the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

38.    Defendant WELLS FARGO BANK has the responsibility of providing complete and accurate information to credit reporting agencies under the FCRA. The statement "account abuse" is not accurate information but is in fact false and defamatory.

39.    Defendant CHEX SYSTEMS has the responsibility to investigate any and all disputed account information and correct any reporting errors within 30 days of receiving such notification from a consumer.  Plaintiff notified CHEX SYSTEMS of the inaccurate reporting and submitted all available documents in support of his dispute. However, CHEX SYSTEMS failed to investigate the accuracy of Plaintiff's dispute and failed to correct the reporting error within 30 days, as required under the FCRA.

40.    As a result of Defendants failure to comply with the FCRA, PLAINTIFF is entitled to recover statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court, pursuant to 15 U.S.C. Section 1681n and California Civil Code Section 1785.31.

## THIRD CAUSE OF ACTION

## WILLFULL FAILURE TO INCLUDE CONSUMER STATEMENT

### 15 U.S.C. Section 1681i(b) and California Civil Code 1785.15(f)
### (against Defendant CHEX SYSTEMS and DOES 1-10)

41.    Plaintiff hereby restates, re-alleges, and incorporates by reference herein each of the foregoing paragraphs in their entirety as though fully set forth herein.

42.    Defendant violated the Federal Fair Credit Reporting Act, 15 U.S.C. Section 1681i(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code 1781.15(f), by intentionally and willfully failing to and refusing to include a consumer statement of dispute on its CHEX SYSTEMS' consumer report.

43.    PLAINTIFF is informed and believes and thereon alleges it is a frequent and

- 9 -

1  common practice of CHEX SYSTEMS to refuse consumers' request and demands for a consumer

2  statement to be included on the consumers' CHEX SYSTEMS' reports.

3    44.    As a result of Defendant CHEX SYSTEMS' failure to comply with the

4  FCRA and CCRAA, PLAINTIFF is entitled to recover statutory damages, punitive damages, costs

5  and attorneys' fees in an amount to be determined by the Court, pursuant to 15 U.S.C. Section

6  1681n and California Civil Code Section 1785.31.

7

8  ## FOURTH CAUSE OF ACTION

## NEGLIGENT FAILURE TO INCLUDE CONSUMER STATEMENT OF DISPUTE

9  ### 15 U.S.C. Section 1681i(b) and California Civil Code 1785.15(f)
### (against Defendant CHEX SYSTEMS and DOES 1 to 10)

10

11    45.    Plaintiff hereby restates, re-alleges, and incorporates by reference herein each

12  of the foregoing paragraphs in their entirety as though fully set forth herein.

13    46.    Defendant violated 15 U.S.C. Section 1681i and the California Civil Code

14  1785.15(f) by failing to include a statement of dispute concerning PLAINTIFF's CHEX

15  SYSTEMS' report.

16    47.    As a result of CHEX SYSTEMS' failure to comply with the FCRA and

17  CCRAA, PLAINTIFF is entitled to recover statutory damages, costs and attorneys' fees in an

18  amount to be determined by the Court pursuant to 15 U.S.C. Section 1681o and California Civil

19  Code Section 1785.14.

## FIFTH CAUSE OF ACTION

20  ### LIBEL

21  ### (against all defendants)

22    48.    Plaintiff hereby restates, re-alleges, and incorporates by reference herein each

23  of the foregoing paragraphs in their entirety as though fully set forth herein.

24    49.    Defendants made defamatory statements about Plaintiff by reporting or

25  caused to report and continuing to report derogatory accounts with Defendants as of the date of the

26  filing of this Complaint, when in fact Plaintiff did not misuse his bank accounts at any time and did

27  not authorize or initiate the unauthorized transfer from the TRUST ACCOUNT.

28    50.    The derogatory "account abuse" statements were published and broadcasted

COMPLAINT AND DEMAND FOR JURY TRIAL

1    and made readily available in the public cyber sphere for Plaintiff's future business connections

2    and contacts to see.

3         51.   Plaintiff documented the bank-errors pertaining to the TRUST ACCOUNT,

4    caused each defendant to be notified of the erroneous report and made fruitless demands of the

5    defamatory statements to be retracted.

6         52.   Defendant WELLS FARGO BANK failed to remedy their error and retract

7    the defamatory "account abuse" statement from Defendant CHEX SYSTEMS.  As a result, the

8    defamatory and libelous statements against Plaintiff YALNEZIAN continue to be broadcasted,

9    thus, continue to cause damage to Plaintiff's name, reputation, brand and good standing in the

10   community.

11        53.   Defendant CHEX SYSTEMS, after learning that the derogatory statements

12   were false, failed to remedy their error and retract the defamatory statements from their reporting

13   but continued to broadcast the defamatory statements. This defendant know or should have known,

14   that the natural and probable effect on any creditor reviewing Plaintiff's credit reports would be to

15   characterize Plaintiff as in irresponsible business man and borrower who is not credit-worthy.

16        54.   Defendant CHEX SYSTEMS has further refused to include Plaintiff's

17   consumer statement on the reports which is contrary to the requirements of the Federal Fair Credit

18   Reporting Act, 15 U.S.C. Section 1681i(b) and California Consumer Credit Reporting Agencies

19   Act, California Civil Code Section 1785.15(f).

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT AND DEMAND FOR JURY TRIAL

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff YALNEZIAN prays for judgment against defendants for:

        a)  For injunctive relief;

        b)  For declaratory relief;

        c)  For actual damages;

        d)  For statutory damages;

        e)  For punitive damages;

        f)  For attorneys' fees and cost of suit; and

        g)  For any such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  October 13, 2012

PAUL YALNEZIAN, *Pro per*

## DEMAND FOR TRIAL BY JURY

Plaintiff PAUL YALNEZIAN hereby demands trial by jury on all triable causes.

Dated: October 13, 2012         Respectfully submitted,

PAUL YALNEZIAN, Declarant

- 12 -

COMPLAINT AND DEMAND FOR JURY TRIAL

## VERIFICATION

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

I, PAUL YALNEZIAN, have read the foregoing Complaint and know its contents. The matters stated in the foregoing Complaint are true and correct of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of October, 2012 in Glendale, County of Los Angeles, State of California.

_____
PAUL YALNEZIAN

COMPLAINT AND DEMAND FOR JURY TRIAL

**RIGHT HOME
TRUST ACCOUNT**
P O BOX 415
GLENDALE, CA 91209-0415

1204

701235031
16-2471220 4

DEDICATED
TO BRINGING YOU
SUPERIOR
SERVICE

DATE _____

PAY TO THE
ORDER OF _____ $ _____

_____ DOLLARS

WELLS
FARGO   Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR _____

⑈000001204⑈  ⑆122000247⑆  701235031 5⑈

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

### CV12- 9332 GHK (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
PAUL YALNEZIAN
P.O. Box 415
Glendale, CA 91209-0415
Telephone: (818) 240-7840
Facsimile : (818) 855-8386

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL YALNEZIAN, Principal and Owner of RIGHT HOME, a California Corporation<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>**CV12-9332**-GHK (AJWx) |
| v. | |
| WELLS FARGO BANK, N.A., and CHEX SYSTEMS, INC., a California Corporation, and DOES 1 to 10, Inclusive<br><br>DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):     FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, PAUL YALNEZIAN _____, whose address is 225 East Broadway, Suite 306D, Glendale, California 91205 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __OCT 3 1 2012__

By: ___Ann M. Martinez___
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PAUL YALNEZIAN, Principal and Owner of RIGHT HOME, a California Corporation | WELLS FARGO N.A. and CHEX SYSTEMS, INC., a California Corporation, and DOES 1 to 10, Inclusive |

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Paul Yalnezian          Telephone: (818) 240-7840
P.O. Box 415
Glendale, CA 91209-0415

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☑ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☑ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:  CV12-9332

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date   10/13/2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |



BARAHETA LEGAL SERVICES
215   N. Maclay Ave.
San Fernando, CA 91340

RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 2 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

United States Courthouse
312 North Spring Street
Los Angeles, CA  90012





Araneta Legal Services
215 North Maclay Avenue
San Fernando, CA 91340

**United States Courthouse**
**312 North Spring Street**
**Los Angeles, CA  90012**
**Attn:  Ann - Civil Intake Department**